[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that both his trial attorney, Auden Grogins, and his appellate attorney, Susan M. Sedensky, were ineffective. In his second amended petition he alleges that his trial attorney failed to consult with him prior to plea, gave false information as to the strength of the state's case and thereby forced him to plea under coercion or duress and that his appellate attorney at oral argument withdrew the claim of ineffective assistance of trial counsel. The respondent moved to dismiss the first count as res adjudicata in that Judge Damiani has ruled on these same issues alleged against his trial counsel after an evidentiary hearing on September 6, 1994. See Respondent's Exhibits A and B
submitted for the motion to dismiss. This court granted the motion to dismiss count one proceeded to take evidence on Count two.
The evidence produced that the petitioner is incarcerated by reason of his plea in the Alfond Doctrine to three counts of attempted murder one count each of conspiracy to commit murder, possession of a silencer, a weapon in a motor vehicle and carrying a pistol on his person for which he was given a total effective sentence of nine years. The charges arose from an alleged incident where the petitioner was firing a handgun at a motor vehicle occupied by Ramon Luciano, Jackie Manero and her young daughter, from the front passenger seat of a motor vehicle driven by Angel Medina and the rear seats occupied by Luis Delacruz and Luciano Gonzalez. The motor vehicle operated by Medina was alleged to have been chasing the motor vehicle of the alleged victims. On May 16, 1994 the state was ready to proceed in a joint trial against the four defendants but the petitioner's counsel was in an automobile accident and could not come for the trial until the following day. Although there were many pretrials in order to resolve the matter, none were fruitful since Luciano who had given a statement to the state implicating the defendants CT Page 12924 was not able to be located. The defendants felt that prosecution would not be successful in his absence. On May 16, 1994 however Delacruz and Luciano Gonzalez apparently related to their respective attorneys that they had seen Luciano as an inmate under an alias where they were housed. This resulted in opening negotiations and their pleas and that they would be available to testify if the trial proceeded. The following day the petitioner's attorney learned from Delacruz's attorney that pleas had been taken, that Luciano had been seen at Bridgeport C.I., and from ASA Palumbo that his case has become stronger with the availability of the pleaded co-defendants. She conveyed this information to the petitioner. He said he had seen Luciano at Bridgeport C.I. He told her to get the offer and he went to plea. Two or three weeks later she learned from the petitioner that Luciano had recanted and he wanted to withdraw his plea. She filed the motion to withdraw his plea and new counsel was appointed for him who presented the evidence at the hearing on its motion to withdraw the petitioner's plea.
Before this court the petitioner claims he was forced to plead because his counsel gave misinformation and failed to properly investigate the witnesses available to the state and that his appellate counsel failed to press this ineffectiveness in his appeal to the Appellate Court. I have to agree with Attorney Sedensky that the only force that was used to obtain the petitioner's plea was that legal force described by Judge Damiani as the strength of the state's case with the availability of two of his co-defendants to testify at his trial.
A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show that appellate counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 357.
For the above reasons the court denies the petition.
Corrigan, JTR